ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN ROSS, | ) | |
| | ) | CASE NO. 1:19CR351 |
| Petitioner, | ) | 1:22CV1772 |
| | ) | |
| v. | ) | |
| | ) | <u>Judge John R. Adams</u> |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Benjamin Ross's Motion and to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 57. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Ross's contention appears to be that his trial counsel was ineffective in two ways related to a motion suppress. Ross's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Ross must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so

"serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Ross must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Ross first contends that his counsel was ineffective for failing to challenge and/or investigate whether the canine that alerted on his vehicle, Rexy, was reliable.  Specifically, Ross takes issue with the following exchange that occurred during the suppression hearing:

> Q. So what happened when you got the new dog? How did they get you two acclimated and trained up together? What's the process involved?
>
> A. So we have our own training which we do in-house. And it's approximately ten weeks. It's hands-on training. It's also scholastic work as well. And they pair you up with a dog. And week one is just when you start running the dog. You do the imprinting. When we get the dogs, they're green. They don't know anything. So we do all the training ourselves. He is a dual purpose dog. So he trains – he's trained in narcotics, area search, building search, evidence search, and tracking as well, and the apprehension work.

> Q. And when you have a dog that's trained to search out the smell of narcotics, is that something you periodically have to refresh or keep up with?
>
> A. Yes. We train 16 hours a month. And then we also certify once a year.
>
> Q. And is Rexy certified right now, and has he been continuously through the time that you've been working with him?
>
> A. Yes.

Doc. 46 at 75-76.  Ross contends that "based on that colloquy, one can say that there was insufficient foundation to make Rexy's alert admissible."  Doc. 57-1 at 8.

Ross's first argument has no legal basis.  The Sixth Circuit has held:

> When the evidence presented, *whether testimony from the dog's trainer or records of the dog's training*, establishes that the dog is generally certified as a drug detection dog, any other evidence, including the testimony of other experts, that may detract from the reliability of the dog's performance properly goes to the "credibility" of the dog. Lack of additional evidence, such as documentation of the exact course of training, similarly would affect the dog's reliability.

*United States v. Diaz*, 25 F.3d 392, 394 (6th Cir. 1994)(emphasis added). *Diaz* makes clear that testimony from the dog's trainer is sufficient to establish the reliability of the canine.  Accordingly, counsel cannot be said to be deficient for failing to demand copies of records of Rexy's training.[1]  As such, this aspect of Ross's ineffective assistance of counsel claim fails.

Ross also contends that his trial counsel was ineffective for failing to pursue a theory that the video footage of the search of his vehicle had been altered.  Specifically, Ross contends that a "jerking motion" in one of the videos is evidence of some type of alteration.  Ross has never alleged what was altered in the video, nor has he attempted to explain the relevance of whatever was alleged omitted from the video.  The Court notes, however, that Ross's trial counsel explored

---

[1] In that regard, Ross alleges that discovery of these records would be appropriate.  However, other than bare speculation, Ross has not alleged any basis to suggest that these records would differ from the testimony offered by Rexy's training officer.  Accordingly, no discovery is warranted in this proceeding.

this precise issue during the suppression hearing. Counsel asked whether any of the videos had been altered, and Officer Baker swore under oath that nothing had been altered. When counsel sought to raise some discrepancy between the two videos at issue, Officer Baker explained what was seen in each video. Nothing about that testimony supports any claim that a video had been altered. Accordingly, this aspect of Ross's ineffective assistance of counsel claim must also fail.

In summary, Ross has failed to identify any deficient performance by counsel at any stage of his proceedings and his motion to vacate is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| December 2, 2022 | /s/John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |