### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-cr-00351 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| BENJAMIN ROSS, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 66, 69, 72) |
| | ) | |

This matter is before the Court on the *Motion for Recalculation of Sentencing Under Amendment 821* (Doc. 66) (the "Motion") filed by Benjamin Ross ("Ross").  The United States of America filed the *Government's Response in Opposition to Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 69) and Ross filed an additional reply (Doc. 72).

For the reasons stated below, the Motion is DENIED.

### I.    BACKGROUND

A federal grand jury charged Ross with possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. Doc. 10. Pursuant to a plea agreement (Doc. 31), Ross pled guilty.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI").  Doc. 35.  The PSI indicated Ross had a total offense level of 22 (after a two-level reduction for acceptance of responsibility) and a criminal history category of VI, therefore the advisory guideline range was 84–105 months.  Doc. 35 at p. 20, ¶ 74.  The Court ultimately varied up and sentenced Ross to a term of 120 months' imprisonment based the nature and circumstances of the offense, his criminal history, and the need

1

for the sentence imposed to reflect the seriousness of the offense and promote respect for the law. Docs. 37, 39.

After Ross' sentencing, the United States Sentencing Commission issued <u>Amendment 821</u>. He now seeks retroactive application of Amendment 821 to recalculate and reduce his sentence.

## II.     LAW AND ANALYSIS

### A.  Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("<u>Amendment 825</u>"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "<u>Policy Statement</u>"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational

2

or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Ross asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered. Doc. 66 at p. 2.  Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Ross' total criminal history points were 13.  Eleven (11) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a), (b). Doc. 35 at pp. 8–12, ¶¶ 32–36.  Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offense was committed while Ross was on supervised release following a federal conviction for felon in possession of a firearm. Doc. 35 at p. 12, ¶ 38. Ross now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only receive one additional criminal history point due to the offense taking place while he was on supervised release [and therefore his total criminal history points would be 12 under the

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

new calculation]. Doc. 66 at p. 2.  The new computation would result in a guidelines range of 77–96 months, rather than the 84–105 used at the time of sentencing. The Court finds that Amendment 821 affects Ross' criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable section 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Ross' case. *See Jones*, 980 F.3d at 1107.  This is due to Ross' criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). First, Ross has a lengthy criminal history which shows he has yet to be deterred from illegal activity. His first conviction occurred after he was arrested for felonious assault and aggravated trespass at only 13 years old. Doc. 35 at p. 6, ¶ 27. He then acquired three similar convictions for assault, theft, and menacing before turning 18. Doc. 35 at pp. 7–8, ¶¶ 28–30. Ross' criminal history as an adult is similar. Prior to the underlying offense, Ross had several run-ins with law enforcement, leading to multiple convictions for drug possession, gross sexual imposition, and felon in possession. Doc. 35 at pp. 7–8, ¶¶ 28–30. Ross also violated probation following his state conviction for possession of cocaine, and he was on federal supervised release for the felon in possession conviction when the underlying offense in this case occurred. Doc. 35 at p. 8, ¶ 32. Ross' pattern of recidivism indicates he lacks respect for the law by continuing to violate the terms of both state and federal custody, and his prior charges further show his propensity for violence. At the time of sentencing, the Court considered Ross' offenses, criminal history, and characteristics, and determined that an upward variance to a 120-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

4

The Court recognizes and commends Ross for his commitment to a successful reentry, rehabilitation, and the personal improvements he has made through education and treatment while incarcerated. Docs. 70, 71, 72. However, given the facts and after consideration of the section 3553(a) factors, the Court finds a reduction to Ross' sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

## III.    CONCLUSION

For the reasons stated above, the *Motion for Recalculation of Sentencing Under Amendment 821* (Doc. 66) is DENIED.

Date: <u>December 12, 2024</u>             <u>        */s/ John R. Adams*        </u>
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE